Vincent A. Ltjpiano, J.
Defendant New York Casualty Company moves for dismissal for insufficiency of each cause stated in the amended complaint. Plaintiff was the employee of the defendant Casco Poultry Corporation. The situs in concern is the State of Maine where compensation insurance is not compulsory hut elective on the part of the employer. Compensation coverage under the laws of that State is accomplished upon the filing, in pursuit of statute, of the certificate of assent and of the policy and thereupon the coverage remains and continues in effect upon expiration of the time limited in the policy by the due filing of the new policy.
Involved here is the failure to file the renewed policy which defendant Casco purchased and received upon payment of the premium therefor. It was during the term of the renewed coverage that the injury was sustained and was not compensable under the laws of the State of Maine for failure to comply with statute. No jurisdiction to hear and to determine plaintiff’s claim arose or existed.
In his first cause plaintiff relies on alleged custom and usage prevailing in the State of Maine whereby renewals of workmen’s compensation insurance policies are filed by the insurance company issuing the policy with the Industrial Accident Commission of the State of Maine, so that the coverage afforded by said policy shall continue with respect to the insured and its employees, and further that the defendant Casco relied upon the known and existing custom and usage and the ordinary and normal course of the insurance business by which it was customary for the carrier to undertake and to cause a renewal policy to be thus filed, and for the insurer to undertake all steps necessary to continue the coverage in force. By reason thereof, the defendant Casco did not itself file the renewal policy but assumed and relied upon statutory compliance by the moving *1089 defendant. Since the moving defendant failed to file the renewal policy plaintiff was deprived of compensation.
Defendant contends that since there was no contract between it and the codefendant, custom and usage cannot create one. To be sure, it is not alleged that the defendants expressly agreed that the renewal policy was thus to be filed. Plaintiff does not rely on such agreement but upon the insurance contract issued in contemplation of the custom and usage prevailing in the State of Maine and in the insurance industry there. The custom and usage relied on is but a part of the contract and of the contractual relationship, and if there was no coverage legally the fault plaintiff urges was the moving defendant’s by reason of the breach of its obligation to file embraced in the payment of the premium.
An expressed agreement between the defendants, providing for such filing is set forth as part of the second cause. The enforcibility of plaintiff’s claim as a matter of law is, however, no different whether the obligation arises by custom and usage as a part of the whole contract or by express agreement as to that aspect of the entire contract. Defendant, however, urges that in either instance plaintiff possesses no claim of right to sue thereon as a third-party beneficiary. Nothing can be clearer than that. The purpose of an assenting* employer is to secure the benefits of the act for his employees. This benefit was bargained and paid for and the plaintiff was deprived thereof by the failure of the moving defendant to honor its obligation. The contract is single and entire embracing not only the coverage provided by the contract, but the statutory coverage to be provided by that portion of the contract which placed upon the moving defendant the obligation to make appropriate statutory compliance. The position of the plaintiff as a third-party beneficiary pervades the entire contract in all of its parts, including that part thereof which imposed upon the moving defendant the obligation to make compliance.
The presence of this benefit is made more clearly to appear in the statement of the third cause. It, too, as urged is upon the contract. Repeating the allegations of the first cause resting on custom and usage, it is alleged, in addition, that the defendant Casco posted on its premises notice to the effect that it was an assenting employer and that the coverage thus obtained was applicable to it and its employees and that the moving defendant and the codefendant, in behalf of itself and as agent for the moving defendant, represented to the plaintiff that the defendant Casco was an assenting employer and that there was *1090 statutory coverage applicable to the defendant Casco and its employees.
The representations are relied on not as basis for claim in deceit but rather as additional allegations evidencing the existence of coverage for plaintiff’s benefit. It is not contract by estoppel but rather, among other things, by implementation of the usage and custom and of plaintiff’s right to sue.
The motion is denied.